UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

YOSNUMY C. FERNANDEZ

    Plaintiff,

vs.

WORLDWIDE COSMETICS, INC., a Florida Profit Corporation D/B/A ETERNAL SPIRIT BEAUTY,

    Defendant.
_____/

## COMPLAINT

Plaintiff YOSNUMY C. FERNANDEZ, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant WORLDWIDE COSMETICS INC, a Florida Profit Corporation D/B/A ETERNAL SPIRIT BEAUTY (hereinafter, "Defendant"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant for violation of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, the Equal Pay Act of 1963 ("EPA"), amending the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(d).

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, and supplemental jurisdiction for claims under state law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court because the claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

1

## PARTIES

4. Plaintiff, at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

5. Plaintiff is a female and is a member of a class protected under Title VII, the FCRA and the EPA because the terms, conditions, and privileges of her employment were altered because of her gender.

6. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Specifically, Plaintiff worked at Defendant's principal location in Doral, Florida.

7. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

8. The Defendant is also an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, the Defendant is a cosmetic and wellness retailer as well as a service center for cosmetic business. Defendant, upon information and belief, produces, packages and sells cosmetic products to the public and wholesale. These products are then shipped nationwide.

10. At all times material to this Complaint, Defendant, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendant was in or so closely related to the movement of commerce while she worked for Defendant that Plaintiff is covered under the FLSA through individual coverage.  Plaintiff  as a customer service representative, regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly used telephones to speak to customers.

12. The Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

14. Plaintiff's Charge was filed on or about November 3, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

15. Plaintiff was terminated from her position on or about September 16, 2020. Her Charge was therefore timely filed.

16. Plaintiff was issued a Notice of Right to Sue on May 11, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

17. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

18. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

19. Plaintiff was hired by Defendant as a customer service representative on or about July 4, 2020 at $12.00 -per hour.

20. From the beginning of her employment, Plaintiff noticed the disparate treatment and harassment women were subjected to by the president, Leonardo Urdaneta (" Mr. Urdaneta").

21. Specifically, Mr. Urdaneta would often make sexist and degrading comments about women in group meetings such as: women not being good at their jobs because they were distracted by their children and husbands.

22. Mr. Urdaneta would also speak to female employees, including Plaintiff, in a condescending and demeaning manner on a regular basis. On one occasion, Mr. Urdaneta screamed at the Plaintiff when she gave a suggestion during a meeting and told her that he did not need her input and to answer phones like she was told. Mr. Urdaneta did not speak in this manner to male employees.

23. Upon information and belief, female employees were only offered advancement in the company or better pay if they were willing to engage in relationship with Mr. Urdaneta.

24. Further, Plaintiff was paid less than her male counterparts. Specifically, male employees in the same or similar position as Plaintiff such as Bryant Sarrameda, Jose Boada, Andrés Urdaneta, Gabriel Guzmán, Dayan (LNU) and Franklim (LNU) were paid at least $2.00 per hour more than Plaintiff.

25. During Plaintiff's employment, Mr. Urdaneta would often look at the Plaintiff in a sexual manner and would make inappropriate comments that made her feel uncomfortable.

26. These comments from Urdaneta consisted of sexual innuendos, and comments about Plaintiff's appearance. These comments, upon information and belief, were not made toward male employees.

27. On September 14, 2020, Plaintiff was called into a meeting with the president, Mr. Urdaneta, the vice-president William Guzman, and a third shareholder Mr. Eddixon.

28. During that meeting, Mr. Urdaneta asked Plaintiff if she was married and had kids. Plaintiff responded in the negative to which Mr. Urdaneta replied, "that's good to know". Plaintiff was then advised she was being considered for a promotion.

29. On September 15, 2020, Plaintiff received her paystub and was speaking to some co-workers about inconsistencies with her pay.

30. That day, Plaintiff requested her time records from the administrative assistant to verify the hours on her paystub was accurate.

31. The next day, on September 16 2020, Plaintiff's supervisor, Yennileth Figuera called Plaintiff and terminated her employment without providing a reason for the termination.

32. Upon information and belief, Defendant's reason for termination (if any) is pretextual for unlawful discrimination and or retaliation.

33. Further, even if Defendant has a reason for Plaintiff's termination Plaintiff's gender and or complaints of discrepancy in her pay were motivating factors for Defendant's decision to terminate her employment.

34. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

35. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

37. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

38. Plaintiff is a member of a protected class, to wit, a female.

39. Plaintiff was qualified for her position in that during her employment she received commendations, had above average or leading numbers and was being considered for a supervisory position.

40. Despite being well-qualified for her position, Plaintiff received a lower pay that her male counterparts and was ultimately terminated without a reason.

41. Additionally, Mr. Urdaneta, made harassing comments about Plaintiff's physical appearance and made disparaging comments about women.

42. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

6

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

43. The Plaintiff was subjected to disparate treatment in the workplace in that she was subjected harassment, unequal opportunities, and lower pay.

44. Defendant did not treat male counterparts in the same manner.

45. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

46. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

47. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her sex in violation of the Act with respect to its decision to treat Plaintiff different from other similarly situated employees.

48. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's lower pay, animosity, and termination from employment, were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was a female, in violation of the Act.

49. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex was a motivating factor in the decision for the adverse employment action(s).

50. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

51. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff respectfully requests that:

A. An award of economic damages including back pay, interest and regular incremental pay increases;

B. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

C. The Court award punitive damages as permitted under the law;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

54. Plaintiff brings this action under the "FCRA", §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was compensated less than similarly situated employees, sexually harassed, subjected to animosity, and terminated on the basis of her gender, female.

55. Plaintiff is a member of a protected class, to wit, a female.

56. Plaintiff was qualified for her position in that she had received commendations from her direct supervisor, had above average performance, and had not received a negative review.

57. Despite being well-qualified for her position, Plaintiff received lower pay than her male counter parts and was subjected to disparate treatment.

58. Plaintiff was ultimately terminated on September 16, 2020.

59. The lower pay, disparate treatment, and the termination all constitute adverse employment actions under the FCRA because these actions changed the terms, benefits, and conditions of her employment.

60. Defendant's reason(s) for giving Plaintiff a lower hourly rate, disparate opportunities and then ultimately terminating her employment is/are pretextual because Plaintiff was meeting expectations.

61. Plaintiff's gender was, at minimum, motivating factor for Defendant's decision to terminate her employment.

62. Defendant, by and through Mr. Urdaneta, did not treat his male subordinates in this manner.

63. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

64. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Urdaneta and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

A. An award of economic damages including back pay, interest and regular incremental pay increases;

B. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

C. The Court award punitive damages as permitted under the law;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

66. Plaintiff is female and held the title of customer service representative during her employment with Defendant.

67. Plaintiff's male counterparts earned at least $2.00 more per hour than Plaintiff for doing similar work and having been employed by Defendant for a similar amount of time.

68. Both Plaintiff and her male counterparts performed similar day-to-day tasks, reported to the same supervisor, employed similar skills/knowledge, etc.

69. Defendant does not have any legitimate, non-discriminatory reason to justify the discrepancy in pay between Plaintiff and male counterparts.

70. Neither the Plaintiff, nor the similarly situated male employees were being compensated based on a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or any other differential based on any other factor than sex.

71. As a direct result of Defendant's conduct, Plaintiff has been harmed through a loss of wages and any incremental increases she would been paid had she been compensated the same as her male counterpart.

72. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against the Defendant:

    A. Adjudge and decree that Defendant has violated the EPA and FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for the minimum wages owed due to the unequal pay, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## FLSA RETALIATION

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

74. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

75. Plaintiff engaged in protected activity by complaining to Defendant regarding inconsistencies on her pay and requesting documentation connected to her pay.

76. Defendant knew of Plaintiff's complaint which was made verbal to Defendant's Administrative Assistant.

77. Defendant does not have a legitimate, non-retaliatory reason for terminating Plaintiff's employment as she had not been previously issued disciplinary action, or otherwise advised that her performance was less than satisfactory.

78. Even if Defendant did have a legal reason for termination, which they do not, Plaintiff's complaints were, at minimum, motivating factors in Defendant's decision to terminate her employment.

79. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

80. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints about inconsistencies of her earned wages.

81. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## **DEMAND FOR JURY TRIAL**

Plaintiff, YOSNUMY C. FERNANDEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 22, 2021.

                                        **PEREGONZA THE ATTORNEYS, PLLC**
                                        1414 NW 107th Ave,
                                        Suite 302
                                        Doral, FL 33172
                                        Tel. (786) 650-0202
                                        Fax. (786) 650-0200

                                        By: /s/Nathaly Saavedra
                                        Nathaly Saavedra, Esq.
                                        Fla. Bar No. 118315
                                        Email: nathaly@peregonza.com

                                        By: /s/ Juan J. Perez
                                        Juan J. Perez, Esq.
                                        Fla. Bar No. 115784
                                        Email: juan@peregonza.com